IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOYE LEE SCHLICKER, JR., #1518500,      § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | 3:12-CV-1753-O-BK |
| § | | |
| SENIOR WARDEN McADAMS, § | | |
| ET AL., § | | |
|     Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case has been referred to the undersigned United States Magistrate Judge. For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Plaintiff, a Texas state inmate, filed a *pro se* complaint asserting civil rights violations under 42 U.S.C. § 1983, against Sanders Estes Unit Warden McAdams, Deputy Warden Mathis, Major Witorik, Officer Pointer, and eight medical professionals. (Doc. 3 at 1, 3-4; Doc. 6 at 5). This Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. (Doc. 7).

Plaintiff alleges he was denied emergency medical treatment for a broken bone in his left arm following an assault by a fellow inmate on May 30, 2011. (Doc. 3 at 3-4). Instead of transporting him to a local emergency room for immediate treatment, Plaintiff alleges Defendants x-rayed his arm the following day and, on June 1, 2011, transferred him to the University of Texas Medical Branch (UTMB) in Galveston. (Doc. 6 at 4). On June 3 and 6, 2011, an Orthopedic Specialist at UTMB evaluated, and then operated on, Plaintiff's arm. *Id.* at 4, 6-8). Plaintiff requests damages and continued medical treatment. (Doc. 3 at 4).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See also* 28 U.S.C. § 1915A(b) (same).

Prisoners are required to exhaust administrative remedies before filing suits challenging prison conditions.[1] *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (exhaustion "is mandatory" under the Prison Litigation Reform Act). However, "failure to exhaust is an affirmative defense under the PLRA," so "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Moreover, district courts cannot "sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion." *Carbe v. Lappin,* 492 F.3d 325, 327-28 (5th Cir. 2007). This prohibition includes questions in "form complaint[s]" issued by district courts that are designed to elicit "information about [a prisoner's] exhaustion of administrative remedies." *Torns v. Miss. Dep't of Corrs.*, 301 Fed. Appx. 386, 389 (5th Cir. 2008) (unpublished *per curiam*). Nonetheless, a district court "can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe,* 492 F.3d at 328 (citing *Jones*, 549 U.S. at 215).

Here, Plaintiff volunteers in an attachment to his complaint that he did not exhaust his administrative remedies before initiating this action. (Doc. 6 at 4). He avers that because he did not realize that he had "grievable issues" until after the 15-day time limit for filing a prison

---

[1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

2

grievance had elapsed, he could not timely exhaust his administrative remedies.[2] *Id.* Plaintiff requests "leniency . . . for he was more worried [about] trying to get his emergency medical need met" than pursuing any administrative remedy. *Id.*

Since Plaintiff's failure to exhaust administrative remedies appears on the face of his pleadings, the Court cannot ignore his unequivocal averment that he did not comply with the mandatory exhaustion requirement. Thus, this action should be dismissed *sua sponte* for failure to state a claim. *See United States v. Del Toro-Alejandre*, 489 F.3d 721, 722-23 (5th Cir. 2007) (recognizing that the usual PLRA practice "permit[s] a district court to dismiss *sua sponte* a prisoner's complaint for failure to exhaust in the rare instance where the prisoner's failure to exhaust appeared on the face of his complaint").

This is not a situation where failure to exhaust is excusable because the grievance procedure was unavailable or prison staff obstructed Plaintiff's efforts to exhaust the grievance process. *Holloway v. Gunnell,* 685 F.2d 150, 154 (5th Cir.1982) (citing *Miller v. Stanmore*, 636 F.2d 986, 991 & n.8 (5th Cir. 1981)). Nor does Plaintiff contend that he was prevented by his physical condition from filing the requisite grievance. *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (where prisoner's broken hand prevented him from filling out and filing a timely grievance, failure to meet exhaustion requirement was excused), overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 214-15 (2007). Plaintiff merely asserts that he failed to exhaust his administrative remedies because he was unaware that he had "a grievable issue." (Doc. 6 at 4). Contrary to his assertion, Plaintiff's pleadings leave no doubt that he was fully aware of the events underlying his claim at the time they occurred. And, while Plaintiff

---

[2] Within the Texas state prison system, a step 1 grievance must be filed within 15 days of the complained of incident. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

pleads for "leniency," the Court is obligated to take "a strict approach to the exhaustion requirement." Days, 322 F.3d at 866.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice[3] for failure to state claim upon which relief can be granted because Plaintiff failed to exhaust his administrative remedies prior to filing this action. The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

SIGNED July 19, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Dismissal is with prejudice because Plaintiff's failure to exhaust administrative remedies cannot now be cured. *See Johnson v. Louisiana ex rel. Louisiana Dept. of Public Safety and Corrections*, 468 F.3d 278, 281 (5th Cir. 2006) (*per curiam*) (affirming dismissal with prejudice because administrative remedies were now time barred).

[4] Section1915(g), commonly known as the "three-strikes" provision, provides, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

               _____
                RENÉE HARRIS TOLIVER
                UNITED STATES MAGISTRATE JUDGE