IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOYE LEE SCHLICKER, JR., #1518500, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:12-cv-1753-O |
| SENIOR WARDEN McADAMS, et al., | § § § § | |
| Defendants. | § § § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Plaintiff filed objections, and the District Court has conducted a de novo review of those portions of the proposed findings and recommendation to which objection was made.

Plaintiff, a Texas state inmate, filed a pro se complaint asserting denial of emergency medical care following an assault by a fellow inmate on May 30, 2011. He sues four Texas Department of Criminal Justice ("TDCJ") employees at the Estes Unit, and eight University of Texas Medical Branch ("UTMB") contract employees also at the Estes Unit. *See generally* Pl.'s Compl., ECF No. 3. Instead of treating his condition as an emergency condition and transporting him to a local emergency room for immediate treatment, Plaintiff asserts Defendants x-rayed his arm on May 31, 2011, and then transferred him to UTMB in Galveston on June 1, 2011, where he was operated by an Orthopedic Specialist five days later. *See* Pl.'s Attachment 6-7, ECF No. 6. The Magistrate Judge recommended that the action be dismissed with prejudice for failure to state a claim upon

which relief can be granted because Plaintiff admittedly failed to exhaust his administrative remedies prior to filing his complaint. *See* 42 U.S.C. § 1997e(a).

In his objections, "Plaintiff concedes that his suit against TDCJ personnel should be dropped," but claims that "the suit against the eight UTMB employees should be allowed to continue." Pl.'s Objections 1-2, ECF No. 14. He alleges that because "UTMB staff are not employees of the Texas Department of Criminal Justice (TDCJ) . . . the TDCJ grievance system would not be an adequate remedy." *Id.* at 1. He further states that "any matter beyond the control of the TDCJ" may not be grieved through the prison grievance system. *Id.* He also contends that "[a]s this was a matter relating to inadequate [medical] care from UTMB and the medical department it was not a matter which TDCJ personnel could do anything about." *Id.*

Contrary to Plaintiff's assertions, the two-step grievance system applies to inmate complaints regarding inadequate medical care against UTMB contract medical employees. The Offender Orientation Book specifically provides that if the inmate is dissatisfied with the informal complaint process (I-60 and/or letter), he can file a grievance through the Offender Grievance Process. *See* Offender Orientation Handbook, Tex. Dep't of Crim. J. 36 (2004). Moreover, while TDCJ has no authority to hire or fire UTMB contract employees, it has the authority to address and determine grievances that raise quality of care issues received by TDCJ inmates. *See Shaw v. Janicek*, No. H-07-2709, 2010 WL 1067918, at *10 (S.D. Tex. Mar. 22, 2010) (recognizing TDCJ addresses grievances against UTMB employees based on medical care issues at TDCJ Unit); *Armitige v. Cherry*, No. C-06-367, 2006 WL 2583446, at *2 (S.D. Tex. Sept. 7, 2006) (same). A prisoner must exhaust administrative remedies even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

Accordingly, Plaintiff's objections are **OVERRULED**. The Court **ACCEPTS** the Findings,

Conclusions and Recommendation of the United States Magistrate Judge, and **DISMISSES** the case with prejudice.

**SO ORDERED** on this **23rd day** of **January, 2013.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**